UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
FERNANDO RHODES,

                           Plaintiff,

   -against-

JASON SMITH; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                        Defendants.
-----------------------------------------------------------------------X

***COMPLAINT AND JURY DEMAND***

ECF CASE

Docket No.
1:15-cv-751

Plaintiff Fernando Rhodes, by his attorney Cary London, Esq. of London Indusi, LLP, for his complaint against the above Defendants alleges as follows:

**PRELIMARY STATEMENT**

1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth Amendments to the U.S. Constitution.

2. The claim arises from a May 2, 2014 incident in which defendants, acting under color of state law, pulled Mr. Rhode's vehicle over for no valid reason. After Mr. Rhodes produced a valid driver's license and registration, the defendants asked Mr. Rhodes to get out of his vehicle, and searched the vehicle without his consent. The Defendants found no contraband during their search of the vehicle. The Defendants then placed Mr. Rhodes under arrest even though he did nothing wrong. Mr. Rhodes spent approximately 24 hours going through the system. After multiple court appearances, on September 10, 2014, Mr. Rhodes case accepted an Adjournment in Contemplation of Dismissal, and admitted no wrongdoing.

1

3. Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4).

## VENUE

6. Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District. 28 U.S.C. § 1391 (b) and (c).

## PARTIES

7. Plaintiff Fernando Rhodes ("Plaintiff" or "Mr. Rhodes") resided at all times in Kings County, in the City and State of New York.

8. Defendant Jason Smith, ("Smith") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Smith was, at the time relevant herein, a Police Officer under Shield # 16576 in the 73rd Precinct. Defendant Smith is sued in his individual capacity.

9. At all times relevant Defendants John and Jane Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. Plaintiff does not know the real names and/or shield number of Defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, Defendants John and Jane Doe 1 through 10 were acting

as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## **FACTUAL CHARGES**

12. On May 2, 2014, at approximately 7:15 p.m., Mr. Rhodes was driving to Mr. Rhode's home at 9010 Kings Highway in Brooklyn, New York.

13. Defendants Smith and two unidentified officers, driving an NYPD vehicle pulled over Mr. Rhode's vehicle.

14. Defendants exited their vehicle and approached Mr. Rhodes, demanding his license and registration.

15. Mr. Rhodes produced his license, registration, and proof of insurance, which were all valid.

16. The defendants ordered Mr. Rhodes to get out of the vehicle.

17. The defendants searched Mr. Rhodes without his consent and found nothing of illegality.

18. The defendants searched Mr. Rhode's vehicle and found nothing of illegality in the vehicle.

19. Defendants, including Defendant Smith, unlawfully handcuffed Mr. Rhodes and placed her under arrest.

20. At no point did the Defendants observe Mr. Rhodes commit any crime or offense.

21. The Defendants had no probable cause to arrest Mr. Rhodes.

22. Mr. Rhodes did not violate any law or local ordinance.

23. Defendants, including Officer Smith, acting in concert and with malice, conveyed false information to prosecutors in order to have Mr. Rhodes prosecuted for Attempted Tampering with Physical Evidence.

24. Mr. Rhodes was unlawfully held in police custody for approximately 24 hours and arraigned on those charges.

25. After multiple court appearances, on September 10, 2014, Mr. Rhodes received an Adjournment in Contemplation of Dismissal, and admitted no wrongdoing.

26. At all times relevant hereto, Defendants were involved in the decision to arrest Ms. Hilaire without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting Mr. Rhodes without probable cause.

27. During all of the events described, Defendants acted maliciously, willfully, knowingly and with the specific intent to injure Mr. Rhodes and violate his civil rights.

28. As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages, a violation of her rights pursuant to the Fourth and Fourteenth Amendment of the United States Constitution, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, loss of wages, loss of liberty and harm to reputation.

## FIRST CAUSE OF ACTION
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

29. The above paragraphs are here incorporated by reference as though fully set forth.

30. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

31. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

32. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

33. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

34. The above paragraphs are here incorporated by reference as though fully set forth.

35. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

36. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

37. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.


**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a) In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b) Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c) Awarding Plaintiff compensatory damages in an amount to be determined by a

      jury;

d)     Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

e)     Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: February 12, 2015
       Brooklyn New York

                                          Respectfully submitted,

                                          /s/ Cary London, Esq.
*Cary London, Esq.*
Bar Number: CL2947
Attorney for Mr. Rhodes
London Indusi LLP
186 Joralemon Street, Suite 1202
Brooklyn, NY 11201
(718) 301-4593 – Phone
(718) 247-9391 – Fax
Cary@LondonIndusi.com